UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 10 CR 86 |
| | ) | |
| TEDDIE KOSSOF | ) | Judge Samuel Der-Yeghiayan |

DEFENDANT'S SENTENCING MEMORANDUM

ON 18 U.S.C. SECTION 3553 FACTORS

Now comes the defendant, Teddie Kossof, by and through his attorney, Theodore A. Sinars, Madden, Jiganti, Moore & Sinars, LLP, and files this memorandum on 18 U.S.C. Section 3553 factors:

The purpose of this memorandum is to set forth the factors pursuant to 18 USC Section 3553, which are particular to Teddie Kossof as opposed to factors common to all defendants.  We believe that taking into account Teddie Kossof's personal history and characteristics and the section's direction to impose a sentence not greater than necessary to comply with the purposes of 18 USC Section 3553 (a)(2), that the recommended sentence would be:

1) Either probation with community service or

2) A period of home confinement followed by probation with community service.

In requesting this sentencing recommendation we make note of the following unique factors:

1) Character letters.  Over fifty people have forwarded character letters on behalf of Teddie Kossof.  The common theme of these character letters is one of Teddie being a lifelong charitable person who unselfishly has donated his time, efforts and assets to the charitable community.  He has assisted underprivileged adults and children throughout his adult life.  Unlike many defendants who start their charitable work when criminal charges are imminent, Teddie Kossof has been doing this for decades.  He has not just contributed money or donated services but he has performed countless hours of volunteer work for numerous religious organizations – whatever affiliation – and community service organizations.  Typical of such recognition comes from "Youth Services" where Teddie has served as a director for close to 15 years.  Youth Services is a social service agency assisting underprivileged young people and their families.  Teddie has been of significant assistance in providing for low income young people with financial needs, for their medical assistance, leadership group training programs, clothing, building funds to develop and build their current major center and assisting and obtaining other community leaders.  He has worked tirelessly in such capacities and these letters from people from all walks of life have come to support him at this time.  What these letters confirm is that Teddie Kossof is an

extremely positive asset to the community.

One particular letter from Nancy Bloom, who is the executive director of Youth Services, explains that it is a non-for-profit service agency serving children and families.  During the last year alone, it served 3,500 individuals, the greatest majority of which are low income minorities.  She has offered – actually requested – that if Teddie Kossof is given probation with community service, Youth Services specifically requests that it would be a beneficiary of Teddie Kossof's service project.  As she expressed, she has known Mr. Kossof for many years and believes he would offer the organization a great deal of assistance in these times when the demand for their services is increasing faster than they can keep up.

2) Danielle Kossof – Pursuant to a confidentiality agreement with the government, we have produced to the Court for en camera review medical reports and letters pertaining to Mr. Kossof's youngest daughter.  The United States attorney has received copies of these documents.  Danielle, has been under medical/psychiatric treatment for a number of years including repeated periods of marked depression and attempted suicides even in the context of a structured supervised therapeutic program.  Materials have been presented include a number of medical reports from Dr. Neal Fialkow, Timber Ridge Prepatory School for Girls, Dr. Geri David, letter from Gloria Ceccarelli and personal

3

letters written by Danielle to her father.  Each of these express great concern of Danielle's fragile circumstances and the importance of direct contact with her father Teddie Kossof to her medical/psychiatric livelihood.  Her mother's letter sets out Danielle's circumstances encompassing suicide attempts including one fairly recent occurrence at Timber Ridge where she left the building, walked deeply into the woods without a coat, sliced her wrists, and sat out in the freezing cold in desperation. Danielle's own comment was she dreamt her father was holding her to keep her warm.  Perhaps the most poignant comment can be made by Dr. Fialkow, who concludes that: "It is highly likely, however, that were he [Teddie Kossof] to be unavailable to her [Danielle] physically and emotionally, that this would add to the tremendous stress which she already endures and it would be a significant additional burden upon this emotionally fragile young woman."

While in many instances the absence of a father being imprisoned has a strain upon family members, in this instance unique to Teddie Kossof, there is a recognized very serious concern over Danielle's mental health stability and life, which is clearly supported by the produced materials.  Teddie Kossof is her rock of understanding and unconditional love necessary for her current and future critical needs.

3) Medical History.  As reflected in the medical records

produced to the probation office, Mr. Kossof has had a number of serious medical surgeries including heart surgery, hip replacements, medical liposuction which produced edema, serious stress issues,(2009) hand surgery (2009) and bladder surgery (November 2009).  Mr. Kossof is required to take approximately 10 different medications each day.  His stress issues have steadily increased not only from the pressures of this five year Internal Revenue Service ordeal but also because of Danielle's circumstances and his brother Gary Kossof currently has had a reoccurrence of cancer in his right lung and a large mass in his rectum.  In addition, Teddie Kossof has daily contact with his frail mother who is 89 years old who is dealing with the circumstances of both her sons.  Obviously, all these circumstances weigh heavily on the medical and emotional status of Teddie Kossof.

4) Cooperation – Prior to any charges being filed, Mr. Kossof voluntarily cooperated with the United States Attorney's request for information in a unrelated investigation of a third party.  Mr. Kossof produced documents and was interviewed by government attorneys and agents handling that matter.  In addition, in unrelated tax matters, significant source information was voluntarily provided to the government by Mr. Kossof involving matters totally unrelated to Teddie Kossof.  While the government advised this information was not sufficient to qualify for its one half reduction in sentence position, I am

sure government counsel will acknowledge Mr. Kossof's furnishing of such information and cooperation.  Since we know the Internal Revenue Service acts slowly in its investigative matters and has Privacy Act disclosure issues, this furnished information may well be of useful assistance currently and significant assistance in the future.


     5) Corrective Measures.  The tax years involved in this case are 2002, 2003, and 2004.  Beginning with the year 2005 the taxpayer corrected any erroneous filing practices.  Both the corporate and individual tax returns and financial information for the past five years are correct and complete.  Thus, Teddie Kossof has instituted remedial procedures to correct prior errors and these procedures have been in existence now in their sixth year.


     Similarly, as part of the plea agreement and relevant conduct, the government required that employment taxes be considered for 2002, 2003, and 2004.  While Mr. Kossof acknowledged making cash payments to a number of employees, a comment must be made about the salon industry and Mr. Kossof's remedial procedures.  Historically, in the salon industry, stylists negotiated for cash payments as an incentive to move their clientele business to another salon or to remain at a particular salon.  In the past, Mr. Kossof has not been able to hire or to keep a number of experienced stylists because of his

6

refusal to pay or increase cash payments. Despite this practical business impediment, beginning in 2005, Mr. Kossof entirely ceased the practice of paying employees in cash despite the continuance of this practice in this industry. All employee payrolls have been appropriately reported to each employee and the Internal Revenue Service and all corporate tax withholding and payments to the Internal Revenue Service have been made. The taxpayers who received the cash salary have been audited by the Internal Revenue Service. The Internal Revenue Service has made increased income tax adjustments to these taxpayers' returns for the years in question without charging any fraud penalty even though they were the recipients of the cash payments. Also, to the extent these taxpayers have made payments to the Internal Revenue Service on their revised employment tax adjustments, these payments should reduce the restitution amount determined for Mr. Kossof.

6) Business. Mr. Kossof is almost sixty five years of age. As reflected in a number of the character letters, and as a practical matter, Mr. Kossof is critical to the operation of Teddie's Hair Designers, Inc. The corporate business currently employs in excess of 80 individuals. To keep the business functioning, Mr. Kossof works between 60 to 80 hours per week. Teddie Kossof clearly is responsible for the generation of business and keeping the operation of this business in existence. He is personally liable on all borrowings related to the

business.  There is serious concern that if Teddie Kossof is absent, business operations may have to be substantially curtailed necessitating a reduction of many employees, most of whom who could not be placed in other similar employment, and risking the delinquency of its financial obligations to banks and third parties.

7) Restitution.  Mr. Kossof has liquidated his personal investment assets in order to make a $200,000.00 restitution payment to the Internal Revenue Service.  In addition, counsel and the taxpayer's accountant have begun meetings with the Internal Revenue Service agent to begin discussions on the civil tax issues.  From his financial statement it is evident Teddie Kossof and the corporation are highly leveraged and his ability to repay these lenders and the Internal Revenue Service depends on the continued viability of Teddie's Hair Designers, Inc.

In summary, from the foregoing factors unique to Teddie Kossof, it can be determined that he is not a man of greed but a man who has for many decades assisted his community by repeatedly volunteering his time and efforts to charitable and community organizations.  As noted above, he also faces a number of significant medical, family and business issues unrelated to the common defendant.  This matter has weighed on Mr. Kossof's shoulders for five years and the stress has caused significant detrimental effects.  We understand the government's generic

position of deterrence and a sentence within the guideline range, whatever range is chosen.  However, we believe the circumstances in Teddie Kossof's case are very unique and thus, strongly suggest a different result.   [See e.g., United States v. Moore, 2009-2 U.S.T.C. para. 50,642 (3d Cir. September 2009) where in a tax evasion case the Court of Appeals affirmed a sentence of five years probation, a $25,000 fine, and the $100 special assessment where the Sentencing Guidelines range included an 18 to 24 month term of imprisonment.]  Under these circumstances we would request a sentence of either probation with community service or a period of home confinement with probation and community service.  The Court may believe that some period of confinement is appropriate here.  We ask that the Court make such determination of home confinement for whatever term the Court deems necessary.  We believe keeping Mr. Kossof within the community he has voluntarily served for many years and the ability to be close to his family members and employment comports with the not greater than necessary sentencing purposes of section 3553(a)(2).

                                            Respectfully submitted,


                                            _____"/s/"_____
                                            Theodore A. Sinars
                                            Attorney for Defendant
                                            Madden, Jiganti, Moore & Sinars, LLP
                                            190 South LaSalle Street, Suite 1700
                                            Chicago, Illinois 60603